CHICAGO—FIRST DISTRICT—APRIL, 1913.    629

Knickerbocker Ice Co. v. Halsey Bros. Co., 178 Ill. App. 629.

## Knickerbocker Ice Company v. Halsey Brothers Company (Appellee), on appeal of Nollau & Wolff Manufacturing Company (Petitioner), Appellant.

### Gen. No. 17,240.

1. MECHANICS' LIENS—*when owner may rely on statement of contractor.* Where an owner has no notice from the subcontractor of his claim, and no notice that a sworn statement made to him by the contractor is false, he may rely on such statement.

2. MECHANICS' LIENS—*where statement made by contractor to owner is false.* Where an owner relying upon a sworn statement of the amount due a subcontractor, without notice from the subcontractor and in good faith, fails to retain a sufficient sum to meet the subcontractor's claim as a result of the statements being false, the subcontractor and not the owner should bear the loss.

3. MECHANICS' LIENS—*delivery of contractor's statement to owner.* Where statements of a contractor are delivered to the architect who is shown to be agent of the owner, there is a delivery to the owner.

Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed April 21, 1913.

ADAMS, BOBB & ADAMS, for appellant Nollau & Wolff Mfg. Co.; JAMES B. WESCOTT, of counsel.

DONALD L. MORRILL, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The Knickerbocker Ice Company filed a bill to enforce a mechanic's lien against certain premises owned by Halsey Brothers Company for material alleged to have been furnished by the complainant to Paul F. P. Mueller, a mason contractor, in the construction of a building for the said Halsey Brothers Company. Subsequently the Nollau & Wolff Manufacturing Company, the appellant, filed an intervening petition averring, *inter alia,* that the said Mueller had entered into

630 APPELLATE COURTS OF ILLINOIS.

Knickerbocker Ice Co. v. Halsey Bros. Co., 178 Ill. App. 629.

a contract with the appellant to furnish certain mill work for the said building and appellant had so furnished the said mill work, and that there was then due thereon to appellant $1426.23 with interest thereon from December 23, 1909; that a notice of mechanic's lien had been served, etc. The Halsey Brothers Company, the appellee, answering said petition admitted ownership of the premises, making of contracts, etc., and alleged that a sworn statement made by said Mueller December 7, 1909, showed $900 to be due appellant and it was ready to pay to the appellant the said sum.

The cause was referred to a Master, who found that there was due and unpaid appellant $1426.23 for material furnished Mueller upon said contract and at the time of the service of a notice of mechanic's lien upon Halsey Brothers Company it had in its hands $911.00 yet due Mueller, and no payments were made to Mueller after the service of the said notice; that the remainder of the contract price had been paid out by the appellee on architect's certificates and sworn statements filed by Mueller with the architect prior to the date of service of said mechanic lien notice; that Mueller for the purpose of getting payments had made five sworn statements, the first of which was, in substance, that $150 was due appellant and $1400 to become due under the contract; and on this statement $300 had been paid Mueller; that the last statement showed $900 due appellant and was false, as were all the others except the first one. The master reported that the appellant should be given its *pro rata* share with certain other lien claimants of the said $911, and the Chancellor approved the report and entered a decree accordingly. The appellant had given the appellee no notice of its said contract with Mueller and the appellant had made the payments to the said Mueller believing and relying on the said sworn statements. The facts are practically undisputed.

CHICAGO—FIRST DISTRICT—APRIL, 1913.    631

Knickerbocker Ice Co. v. Halsey Bros. Co., 178 Ill. App. 629.

The appellant, the Nollau & Wolff Manufacturing Company, by its counsel, say:

"As we stated in the Statement of Facts, the whole controversy in this case is over the sworn statements given by the contractor to the owner—the precise point in controversy being whether or not the owner is bound by the amount named in the first sworn statement when the succeeding sworn statements show a lesser amount, the owner in no case paying any money to the sub-contractor, who is the appellant."

Section 5 of the Mechanics' Lien Law of 1903 is as follows:

"It shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor, before the owner or his agent, architect or superintendent shall pay or cause to be paid to said contractor or to his order any moneys or other consideration, due or to become due such contractor, or make or cause to be made to such contractor any advancement of any moneys or any other consideration, a statement in writing, under oath or verified by affidavit, of the names of all parties furnishing materials and labor, and of the amounts due or to become due each. Merchants and dealers in materials only shall not be required to make statements herein provided for."

It is the contention of the appellant that under this section "the owner is to take one statement from the contractor and is to retain at all times the amounts shown thereby to be due or to become due the sub-contractor," and therefore the first statement made by the contractor showing $1550 due and to become due the appellant, it became the duty of the appellee to retain at all times the said amount for the benefit of the appellant unless paid direct to the subcontractor, and any payment made by the owner after the said notice without retaining sufficient money to pay the claim of the appellant was illegal. We believe this contention is correct if it be held that said section 5 limits the contractor to one sworn statement to be made to the owner. We are of the opinion that it makes no such

limitation and unless the owner has received notice from the subcontractor of his claim, as provided by the act, or unless the owner has notice that a sworn statement made to him by the contractor is false, he may rely thereon without investigation of the truth thereof, and be protected thereunder, as provided in the said act. In the ordinary course of business contracts are frequently modified, and it seems to us that where a subcontractor gives no notice of his claim to the owner, he thereby indicates his reliance upon the truth of the contractor's sworn statements to the owner, and should not complain if the owner relies thereon; and if the owner, without notice from the subcontractor and in good faith, relies and acts upon the sworn statements of the contractor, and by reason of false statements therein fails to retain in his hands a sufficient sum to meet the sub-contractor's claim, the sub-contractor and not the owner should bear the loss, if any, or look to the contractor for the payment of the balance due on his claim.

It is urged that the statements of the contractor were required by the statute to be delivered to the owner, and that they were not so delivered. They were delivered to the architect and the architect, as shown by the evidence, was the agent of the owner; a delivery, therefore, to the architect was a delivery to the owner.

The decree is affirmed.

*Affirmed.*